IN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEISTEN,

**Plaintiff,**

v.

**CBS BROADCASTING, INC.;**
**VIACOMCBS, INC.;**
**PITTSBURGH TELEVISION STATION**
**WPCW INC; and JOHN DOES,**

**Defendants**

Case Number : 2:21-cv-974

JURY TRIAL DEMANDED

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Daniel Leisten, by and through his counsel, Blair T. Preiser, Esq. and The Lynch Law Group, LLC, and files this Complaint, averring as follows:

## THE PARTIES

1. Plaintiff Daniel Leisten ("Daniel" or "Plaintiff") is an adult individual residing at 16977 North East 38 Court, Citra, Florida.

2. Defendant ViacomCBS, Inc. ("ViacomCBS") is a corporation organized under the laws of the state of Delaware.

3. Defendant ViacomCBS has a principal place of business at One Astor Plaza, New York, New York, and is registered to do business in the Commonwealth of Pennsylvania.

4. Defendant CBS Broadcasting, Inc. ("CBS") is a Corporation organized under the laws of the state of New York.

5. Defendant CBS has a principal place of business at 51 West 52nd Street (19-13), New York, New York, and is registered to do business in the Commonwealth of Pennsylvania.

1

6. Defendant CBS is a subsidiary of ViacomCBS and owns Defendant Pittsburgh Television Station WPCW Inc. ("WPCW").

7. Defendant WPCW is a corporation organized under the laws of the state of Delaware.

8. WPCW has a principal place of business at 51 West 52nd Street (19-13), New York, New York and is registered to do business in the Commonwealth of Pennsylvania.

9. Defendants do business in multiple media outlets and industries, including radio, television, and online, under various fictional names, including, but not limited to, KDKA-TV, CBS Local, CBS Pittsburgh, KDKA – Pittsburgh, and KDKA – Cleveland.

10. The John Doe Defendants are individual adult residents of the Commonwealth of Pennsylvania who work for or with the other named Defendants in this case as employees, agents, or otherwise.

## JURISDICTION AND VENUE

11. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. 1332 as Plaintiff is a citizen of Florida, all Defendants are citizens of other states and the amount in controversy exceeds $75,000.

12. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391 (b)(2), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania.

13. Venue is also proper under 28 U.S.C. § 1391 (b)(1) and (c)(2) as this action arises from all Defendants' failure to use proper care and generally accepted journalistic standards in the Commonwealth of Pennsylvania and one or more Defendants is a resident of the Western District of Pennsylvania.

4849-1358-0747, v. 1

## STATEMENT OF FACTS

14. Plaintiff Daniel Leisten ("Plaintiff" or "Mr. Leisten") is a resident of the State of Florida and has only ever passed through Pennsylvania while travelling elsewhere.

15. Mr. Leisten has not travelled through Pennsylvania in approximately eight years.

16. Plaintiff is a private figure.

17. Plaintiff has a brother, Jeffrey Leisten, with whom Plaintiff has had no contact in over forty years.

18. Plaintiff and his brother have not even lived in the same state for decades.

19. In or around May 2020, *Jeffrey* Leisten was arrested in connection with a fatal stabbing that took place in McKeesport, PA.

20. In numerous media reports, however, each Defendant falsely stated that Plaintiff had been arrested and was facing charges for murder. See attached Exhibit A.

21. Plaintiff is a professional arborist and regularly receives business through word of mouth and online searches of his name.

22. Plaintiff also actively applies for various job listings in the arborist industry.

23. Over the past year or so, Plaintiff had experienced what he believed to be an inexplicable slowing of business inquiries.

24. Plaintiff discovered that he was the subject of Defendants' reporting in or around March 2021 by chance while doing an internet search for his own name.

25. Plaintiff informed Defendants in writing that they had falsely named him as a murderer in their reporting.

26. In response to Plaintiff's contact, Defendants removed Plaintiff's name from certain online sources.

27. Defendants made no retraction or apology.

28. Moreover, Defendants did not remove Plaintiff's name from numerous headlines that remain online to this day.

29. A Google search of Plaintiff's name reveals numerous online headlines stating "Police Arrest Man In Fatal McKeesport Stabbing" with prominent bylines stating that "51-year old Daniel Leisten was arrested and is facing charges." See Exh. A.

30. There is no logical explanation for Defendants' false statements that Plaintiff was arrested for murder.

31. Had Defendants done any reasonable investigation, they would not have publicly and repeatedly accused Plaintiff of stabbing a man to death in McKeesport.

32. Defendants' failure to do even the bare minimum to confirm their reporting prior to publishing false statements about Plaintiff, who lives in Florida and was nowhere near McKeesport at the time of the stabbing, constitutes an outrageously irresponsible lack of due diligence.

33. Defendants failed to correct their egregious mistake in any way for many months until Plaintiff finally discovered that he had been the subject of these reports.

34. Defendants still have not removed Plaintiff's name from various online sources that identify "51-year old Daniel Leisten" as the man arrested in "Fatal McKeesport Stabbing." Id.

35. The statements that Plaintiff was arrested for murder are defamatory per se.

36. Moreover, Defendants' statements have had an irreparable negative impact on his reputation and his ability to procure business and earn income.

37. As a result of Defendants' actions as detailed herein, Plaintiff has been damaged in an amount to be determined at trial, but in excess of $75,000.00.

## COUNT I:
## **DEFAMATION**

38. Plaintiff hereby incorporates all previous averments by reference as if fully set forth herein.

39. Defendants' false statements that Plaintiff had been arrested for murder are libelous per se.

40. Defendants published the false statements without performing a minimal amount of investigation as to whether the statements were true, showing intentional and/or reckless disregard for the truth of the statements published.

41. Defendants' false statements have damaged Plaintiff, his reputation, and his ability to do business.

42. As a result of Defendants' actions, Plaintiff has been irreparably harmed and has suffered actual damages in an amount to be determined at trial, but in excess of $75,000.00.

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants awarding any and all damages, costs, fees, and other relief including, where appropriate, the award of actual damages, treble damages, punitive damages, attorneys' fees, costs, expenses, and any other relief deemed appropriate by this Court to effectuate the interests of justice.

Dated:  July 22, 2021        /s/Blair T. Preiser

Blair T. Preiser, Esq.
PA Bar No. 208406
The Lynch Law Group, LLC
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
bpreiser@lynchlaw-group.com
P: 724-776-8000
F: 724-776-8001

4849-1358-0747, v. 1