IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL LEISTEN,

         Plaintiff,

   v.

CBS BROADCASTING, INC.,
VIACOMCBS, INC., PITTSBURGH
TELEVISION STATION WPCW INC, AND
JOHN DOES,

         Defendants.

2:21-CV-00974-CCW

## MEMORANDUM ORDER

Following this Court's Order, ECF No. 24, which adopted the United States Magistrate Judge's Report and Recommendation (the "R&R"), ECF No. 22, and granted Defendants CBS Broadcasting Inc., Pittsburgh Television Station WPCW Inc., and ViacomCBS Inc.'s (the "CBS Defendants") Motion to Dismiss, ECF No. 10, Plaintiff Daniel Leisten filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e), or Alternatively for Leave to File Amended Complaint (the "Motion").  ECF No. 25.  The CBS Defendants have responded, ECF No. 28, and the Motion is ripe for disposition.

### I.   Legal Standard

"A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed." *Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (citing *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011)).

Because Mr. Leisten filed his motion for reconsideration within 28 days of the entry of the Order, *see* ECF No. 24 & 25, the current motion is considered under Rule 59(e).  *Id.*  Under Rule 59(e), the court considers whether there is "an intervening change in the relevant law, new evidence that was previously unavailable, or an error of fact or law that, if left uncorrected, would result in manifest injustice."  *Id.* (*citing Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Here, Mr. Leisten contends that the Court misunderstood his allegations by focusing on his *own* exhibits that were attached to the complaint[1] and overlooked Mr. Leisten's other allegations, specifically that: "(1) Defendants have defamed him in internal correspondence or other documents, which statements would be subject to the discovery rule; and (2) Defendants have defamed him by republishing the defamatory statements at issue online on an unknown date subsequent to initial publication."  ECF No. 25 at 2.  However, Mr. Leisten has failed to show that the court made "an error of fact or law that, if left uncorrected, would result in manifest injustice." *Max's Seafood Café*, 176 F.3d at 677.  Thus, the Court denies Mr. Leisten's Motion to the extent it seeks reconsideration of the Court's prior order, ECF No. 24.

In the alternative, Mr. Leisten requests that, to the extent his original complaint is deemed insufficient to encompass such allegations, he be permitted to file his First Amended Complaint.

---

[1] As the Court noted in its Order, "[t]he exhibits attached to Plaintiff's Complaint which show the date of publication (as opposed to his exhibits showing a date of last visit or other measurement) are all dated May 19, 2020—thereby, indicating separate but simultaneous publications of the material.  ECF No. 1-2 at 4, 6, 7…. Plaintiff filed his Complaint on July 22, 2021, which is more than one year after May 19, 2020…." ECF No. 24 at 2.  The Court properly considered these documents. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (in deciding a motion to dismiss it is proper to consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "a document integral to or explicitly relied upon in the complaint" (internal citations and quotations omitted)).  The Court finds that the consideration of these exhibits was not "an error of fact or law that, if left uncorrected, would result in manifest injustice."  *Max's Seafood Café*, 176 F.3d at 677.

ECF No. 25 at 2, 4; ECF No. 25-1. Thus, the Court will focus its analysis on whether Mr. Leisten should be granted leave to amend on these two points.

When a plaintiff files a timely motion to amend the complaint under Rule 59(e), "'the Rule 15 and 59 inquiries turn on the same factors,' and leave to amend must be assessed for 'undue delay, bad faith, prejudice to the opposing party, or futility.'" *Id.* (citing *Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 366–67 (3d Cir. 2013). For the reasons set forth below, the Court will grant leave to amend on the narrow issue of republication and will thus deny in part and grant in part Mr. Leisten's Motion.

## II.    Discussion

### A.    The Discovery Rule Does Not Apply to the Internal Correspondence by John Does Because Any Injury Arising Out of Such Correspondence Was Discoverable at the Time of the Internet Broadcasts

Mr. Leisten's proposed First Amended Complaint adds a second count, Count II: Defamation – Non-public Defamatory Statements, which alleges that various John Doe defendants (the "John Doe Defendants"), who work for or with the CBS Defendants, have defamed Mr. Leisten in "various correspondence and/or other documents" by stating that he had been arrested for murder. ECF No. 25-1 ¶¶ 12, 49–53. Mr. Leisten argues that these statements must exist, because the "false allegation that Plaintiff was the individual charged with murder must have come from somewhere; it did not appear on its own in the initial television broadcasts or either the initial or republished online statements."[2] ECF No. 25 at 3. Mr. Leisten alleges without further support

---

[2] Mr. Leisten also argues that he is entitled to discovery "to determine what additional defamatory statements concerning him were made by Defendants that were not posted online or broadcast on television." ECF No. 25 at 3. However, it is clear from Count II that the false statements for which he seeks relief are that he "had been arrested for murder," *see* ECF No. 25 ¶ 50, which are the same statements that he seeks relief for in Count I: Defamation - Internet Broadcast.

that the statements made in "various correspondence and/or other documents" by the John Doe Defendants that he had been arrested for murder are subject to the discovery rule.  *Id.*

As applied in Pennsylvania, the "discovery rule, a narrow exception to an otherwise strict limitation standard, is intended for hard-to-discern injuries."  *Cole v. Ferranti*, No. 4:10-cv-426, 2012 U.S. Dist. LEXIS 81143, at *8 (M.D. Pa. June 12, 2012); *see also Fine v. Checcio*, 870 A.2d 850, 859–60 (Pa. 2005) (finding that "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises" to address "an injury that is not immediately ascertainable.").

In both counts of the First Amended Complaint, Mr. Leisten seeks relief for the same injury[3] for statements with the same content.[4]  Applying the discovery rule to the various internal "correspondence and/or other documents" among John Doe Defendants, which Mr. Leisten himself argues *prompted*[5] the Internet broadcasts, is not the type of "[w]orthy case[] . . . pertaining to hard-to-discern injuries," *Wolk v. Olson*, 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010), because Mr. Leisten was on notice of the injury and its source at the time of the original broadcasts.  *See McClenaghan v. Turi*, 567 F. App'x 150, 155–56 (3d Cir. 2014) (affirming the district court's

---

[3] *See* ECF No. 52-1 ¶¶ 46, 52 (alleging that "Defendants' false statements have damaged Plaintiff, his reputation, and his ability to do business")

[4] *Compare* ECF No. 25-1 ¶ 44 ("Defendants' false statements that Plaintiff had been arrested for murder are libelous per se.") *with id.* ¶ 50 ("John Does' statements in various correspondence and/or other documents that Plaintiff had been arrested for murder are libelous per se."); *see also id.* ¶ 34 ("the John Doe Defendants, as individuals and on behalf of their corporate employers, made similar defamatory statements in various documents and/or correspondence that are also defamatory per se.")

[5] "[T]he false allegation that Plaintiff was the individual charged with murder must have come from somewhere; it did not appear on its own in the initial television broadcasts or either the initial or republished online statements." ECF No. 25 at 3.

finding that the discovery rule did not toll the statute of limitations with respect to private internet chat because plaintiffs "were aware of the existence of negative online commentary published …" and were "on notice of the injury to their reputation and its source…"); *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997) (noting that the discovery rule "cannot be applied so loosely to nullify the purpose for which a statute of limitations exists."); *see also*, *Shively v. Bozanich*, 80 P.3d 676, 690 (Cal. 2003) ("even with respect to the two presumably confidential communications, the equitable basis or rationale for applying the discovery rule in the case of inherently secret or confidential communications ceases once a book recounting these communications is published and is distributed to the general public.").

Here, any injury for such internal correspondence would have been discoverable from the time of publication of the Internet broadcast, and as addressed in the Report and Recommendation, "Pennsylvania Federal courts have declined to consider a potential discovery rule extension in defamation suits arising from mass media publications."   *See* ECF No. 22 at 6.

Thus, the Court finds that Mr. Leisten's claims that the John Doe Defendants defamed him in various correspondence and/or other documents by identifying him as the person having been arrested for murder would have been actionable at the same time of the online broadcasts, which the Court already found to be time barred.  Thus, the proposed First Amended Complaint on this issue is futile and the Court will deny Mr. Leisten's Motion on this issue.

**B. The Proposed First Amended Complaint's Allegations Regarding Republication after March 2021 Do Not on Their Face Show that the Alleged Republication Would Not Constitute Separate Acts of Republication**

Republication of defamatory material, for example in a new edition of a book or in an edited and reissued form, is "[a]n exception to the single publication rule" and resets the statute of limitations and can support a cause of action. *Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559

F. App'x 191, 195, 195 n.4 (3d Cir. 2014) (citing *In re Phila. Newspapers*, LLC, 690 F.3d 161, 173-75 (3d Cir. 2012)).  Under Pennsylvania law, an article's "continuous posting on the Internet does not constitute separate acts of republication." *Graboff*, 559 F. App'x at 195.  In the context of the application of the single publication rule to internet publications, the Third Circuit has found that district courts "generally distinguish between linking, adding unrelated content, or making technical changes to an already published website (which they hold is not republication), and adding substantive material related to the allegedly defamatory material to an already published website (which they hold is republication)." *In re Phila. Newspapers*, LLC, 690 F.3d at 175. Thus, "even if there are minor or technical corrections to the internet content as time goes on, so long as there is not substantive editing of the content such that it becomes a 'new' story," the single publication rule will apply. *Ghrist v. CBS Broad., Inc.*, 40 F. Supp. 3d 623, 628 (W.D. Pa. 2014).

This Court previously addressed Mr. Leisten's arguments regarding republication in his original complaint,[6] and found that the original complaint did not make any such allegations. *See* ECF No. 24 at 2 n.1 ("[a]lthough Plaintiff's Objections allege that the defamatory material was republished after March 2021 thereby creating a new cause of action with its own statute of limitation, a review of the paragraphs in the Complaint cited by Plaintiff do not appear to suggest any republication.").

Mr. Leisten's proposed First Amended Complaint now seeks to add allegations regarding republication, specifically that "[u]pon information and belief, in response to Plaintiff's contact, Defendants removed Plaintiff's name from the videos reporting on the McKeesport stabbing, and

---

[6] Previously, in Mr. Leisten's sur-reply to the CBS Defendants' motion to dismiss, Mr. Leisten argued that his allegation that "Defendants did not remove Plaintiff's name from numerous headlines that remain online" effectively was a "republication of defamatory material alongside of the corrected reports." ECF No 14 at 3; ECF No. 28. A plain reading of that allegation—that Defendants failed to remove his name from headlines—does not show how that action would constitute a "republication."

published these altered videos to at least two local news websites" and that "at some time subsequent to March 2021, in connection with the publication of these altered videos, Defendants republished the accompanying captions which falsely identified Plaintiff as an accused murderer." ECF No. 25-1 ¶¶ 29–30.

Mr. Leisten's proposed First Amended Complaint alleges that sometime after March 2021, the CBS Defendants corrected the video broadcasts[7] (but not the caption) and posted those altered videos (with the erroneous caption) to two local news websites.  From the language of the proposed First Amended Complaint, it is not clear if the alleged correction was made to a "continuous posting on the Internet," which would not "constitute separate acts of republication," or if the alleged correction was a publication to two new "local news websites."  *See McClenaghan v. Turi*, 567 F. App'x 150, 155 (3d Cir. 2014) (noting that republication of identical defamatory article to new website may be actionable although the first publication was barred due to the statute of limitations).

Thus, the Court will grant Mr. Leisten's Motion on the narrow issue of any republication after March 2021.

III.    **Conclusion**

Thus, Mr. Leisten's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.  Mr. Leisten's Alternative Motion for Leave to File Amended Complaint, ECF No. 25, is GRANTED with respect to the narrow issue of any republication after March 2021, and DENIED with respect to claims against the John Doe Defendants for various

---

[7] The CBS Defendants argue that the initial broadcast did not even state Mr. Leisten's name and thus there was no video to alter and republish.  *See* ECF No. 28 (providing video exhibits both from Defendants' files and a third party that did not state Daniel Leisten's name and providing such videos to Mr. Leisten's counsel).  Mr. Leisten contends that these cannot be considered at this time because they contradict the face of the complaint.  ECF No. 25 at 3–4.

correspondence and/or other documents relating to the original online broadcasts, which the Court previously found to be time-barred.

IT IS SO ORDERED.

DATED this 12th day of April, 2022.

BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record